IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GENIA LOUISE MANN,<br><br>     Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner, Social Security Administration,<br><br>     Defendant. | Case No. 15-CV-201-CVE-FHM |

## REPORT AND RECOMMENDATION

Plaintiff, Genia Louise Mann, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's August 23, 2012, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") David W. Engel was held July 1, 2013. By decision dated August 9, 2013, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 2, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 37 years old on the alleged date of onset of disability and 47 on the date of the ALJ's denial decision  She has a 9th grade education and formerly worked as a fast food worker, grocery bagger, and dietary aide. She claims to have been unable to work since March 5, 2004 as a result of leg pain due to deep vein thrombosis of the right leg.

## The ALJ's Decision

The ALJ determined that Plaintiff is limited to lifting, carrying, pushing and pulling weight consistent with light and sedentary work; she is limited to walking or standing a combined total of two hours in an eight hour workday with regular work breaks. She is able to climb ramps and stairs only occasionally; she is able to bend, stoop, crouch, and crawl not more than occasionally and is unable to climb ropes, ladders, and scaffolds or work in an environment where she would be exposed to unprotected heights or dangerous moving machinery parts. She is unable to perform tasks requiring overhead reaching more than occasionally and is unable to perform tasks requiring the use of foot pedals more than occasionally. [R. 35].

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ; erred by failing to discuss the medical records related to deep vein thrombosis (DVT); failed to perform a proper credibility analysis; failed to understand that limb elevation is a proper treatment for DVT; and failed to call a medical expert to testify.

## Analysis

### Discussion of Medical Record

Plaintiff argues that the ALJ erred by failing to discuss probative medical records related to her DVT. According to Plaintiff, the record contains 58 pages of medical records that the ALJ failed to mention or reference in the denial decision. The medical records to which Plaintiff refers consist of a June 30, 2010 emergency room visit for an increase in leg pain over the previous 6 days and includes a venous doppler study of the right leg, [R. 222-233]; a May 10, 2011 emergency room visit for congestion and cough and complaints of right calf pain which was tender to palpation with no edema, [R. 234-242]; an x-ray report of a heel spur, [R. 243]; and numerous visits to a clinic for lab tests to monitor her blood levels for anti-coagulant therapy, [R. 252-286]. Plaintiff states that these records confirm

3

the existence and ongoing nature of her DVT, confirm she had ongoing treatment and that she was rarely in therapeutic range for her anti-coagulant therapy.

The records Plaintiff points to do not contain any information about Plaintiff's functional limitations. The focus of a disability determination is on the functional consequences of a condition. See e.g. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment), Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), Scull v Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). The ALJ recognized the existence of Plaintiff's DVT and her anti-coagulant therapy. [R. 34, 36]. The ALJ referred to the clinic records found at Exhibit B3F, pp. 5-8. [R. 36, 256-258]. The undersigned finds that the ALJ adequately discussed the medical records and appropriately focused on Plaintiff's functional limitations.

### Credibility Analysis

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The

ALJ cited numerous grounds, tied to the evidence, for the credibility finding. Plaintiff's assertions of inability to walk were contradicted by evidence showing she could bear weight with the affected right leg, her strength was graded 5/5 in all extremities; and the consultative examiner found she had a stable and steady gait without the use of assistive devices. The ALJ noted there is no support in the record for Plaintiff's claimed necessity of spending 60 percent of her day with her leg elevated. [R. 36-37]. The undersigned finds that the ALJ appropriately linked the credibility finding to the record and the finding is supported by substantial evidence.

Plaintiff offers arguments against the factors cited by the ALJ in support of his credibility finding. The undersigned views those arguments as an invitation to engage in impermissible reweighing of the evidence. As the Tenth Circuit has instructed, the court must decline that invitation. *See Rabon v. Astrue*, 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

### Medical Literature and Medical Expert

Plaintiff argues the ALJ's discussion of the evidence is insufficient because the ALJ did not consider medical literature that indicates leg elevation is a recommended treatment for DVT. Plaintiff also argues that the ALJ erred in failing to call a medical expert to testify about the need to elevate her leg.

The undersigned finds no error in the ALJ's failure to discuss medical literature. Social Security regulations clearly define acceptable medical sources for evidence of disability. 20 C.F.R. §§ 404.1513, 416.913. Medical journal articles are not included as an acceptable source of evidence to establish the existence of a medically determinable impairment. *See also Brown v. Barnhart*, 47 Fed.Appx. 864, 866 (10th Cir.

2002)(unpublished opinion finding medical journal articles are not acceptable medical sources within the Social Security regulations and declining to "give persuasive authority to an attorney's extrapolation of a medical article to his client's condition"). Furthermore, the undersigned notes that nothing in the medical record even hints at the need for Plaintiff to keep her legs elevated sixty percent of the time. Although there are frequent doctor visits where Plaintiff voiced various complaints (sinus problems, earache, tenderness in right groin area, and occasional mention of muscle spasms) there are no instances recorded of excessive edema and no mention of any problems with sitting.

Plaintiff has not cited any authority to support her contention that the ALJ was required to call a medical expert to testify about the functional limitations caused by her DVT. The ALJ specifically noted that the RFC includes limitations for standing, walking, climbing stairs, and using foot pedals. [R. 37]. These limitations are supported by substantial evidence.

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before May 16, 2016.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 2nd day of May, 2016.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

7